UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY F. REEVES, | Case No. ED CV 05-888 PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

I.

INTRODUCTION

Plaintiff appeals the decision of Defendant Social Security Administration (the "Agency"), denying her claim for disability insurance benefits. She contends that the Agency erred when it found that she was not provided special accommodations at her work, which allowed her to be employed despite her disabilities. For the reasons set forth below, the Agency's decision is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

II.

SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff was in a serious car accident in January 1972 and suffered severe injuries to her head, arm, legs, and feet. (Administrative Record ("AR") 95.) As a result of the accident and the injuries stemming from it, she was forced to have both legs amputated and is wheelchair-bound.[1] (AR 41, 92, 103.) She applied for disability insurance benefits in the wake of the accident and, in September 1972, the Agency determined that she was disabled and entitled to benefits.

Between 1991 and 1997, Plaintiff worked part-time at the Veterans Affairs Hospital in San Diego (the "VA") as a secretary, clerk, and typist. (AR 433.) Plaintiff claims that she was provided special accommodations at work because of her disabilities, but that she eventually had to stop working because it became more and more difficult both to work and to keep up with her own care. (AR 92.)

In October 1997, Plaintiff completed a work activity report, informing the Agency about her work at the VA. (AR 433-36.) On December 26, 1997, the Agency informed Plaintiff by letter that it had determined that she was no longer disabled as of September 1991, based on her work activity. (AR 467-69.) On March 6, 2002, Plaintiff filed a new application for disability insurance benefits, alleging a disability onset date of January 28, 1972, her original onset date. (AR 59-61.) On May 17, 2002, a state agency physician concluded that Plaintiff had been disabled since October 15, 1997. (AR 35.) The

---

[1] Plaintiff also suffers from fibromyalgia, sleep apnea, cervical disc degeneration, herniated lumbar discs, brain injuries, seizure disorder, hepatitis C, and diabetes. (AR 41-42, 92.)

Agency rejected Plaintiff's claimed earlier onset date because it found that she had been performing substantial gainful activity at the VA up until the time she left in 1997. (AR 43.) The Agency also concluded that Plaintiff was not entitled to social security disability benefits because she was not covered between 1991 and 1997, when she worked at the VA, and her insurance from her prior employment had lapsed due to the passage of time. (AR 43.)

Plaintiff appealed the Agency's decision and, on December 11, 2003, appeared at an administrative hearing. At the hearing, her counsel argued that Plaintiff was disabled for the entire time she worked for the VA because she received special accommodations in the workplace. (AR 485-91.) Counsel maintained that her work during this time period should not be counted against her in calculating her date last insured. (AR 485.)

In a written decision dated February 23, 2005, the Administrative Law Judge ("ALJ") agreed with Plaintiff and concluded that her work was performed under special conditions and did not, therefore, constitute substantial gainful activity. (AR 29.) The ALJ concluded that Plaintiff's employment occurred while she was disabled, that the period in which she worked should not be counted as lapsed years in determining her quarters of coverage, and that she remained entitled to disability insurance benefits. (AR 29, 31-32.)

On its own motion the Appeals Council reviewed the ALJ's decision. (AR 18.) In a decision dated July 13, 2005, the Appeals Council reversed the ALJ, finding that there was "no evidence" to support the ALJ's conclusion that Plaintiff's work was performed under special conditions. (AR 18.) Accordingly, the Appeals Council found that the Agency was right when it terminated Plaintiff's benefits and

when it concluded that Plaintiff did not meet the insured status requirements as of October 15, 1997. (AR 19.) Plaintiff then filed suit in this Court.

## III.
## STANDARD OF REVIEW

"Disability" under the applicable statute is defined as the inability to perform any substantial gainful activity because of "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Court may overturn the Agency's decision that a claimant is not disabled only if the decision is not supported by substantial evidence or is based on legal error. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).) It is "more than a mere scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

## IV.
## ANALYSIS

### THE APPEALS COUNCIL ERRED IN CONCLUDING THAT THERE WAS NO EVIDENCE THAT PLAINTIFF WORKED IN SHELTERED EMPLOYMENT

The Appeals Council determined that Plaintiff was performing substantial gainful activity at the VA because there was no evidence that she was being provided special accommodations for her work.

Plaintiff contends that this determination was erroneous.  She maintains that, not only was she provided special accommodations, without these accommodations she would not have been able to work.  She argues that, because of the special accommodations, her employment at the VA should not be counted as significant gainful activity and should not preclude her from receiving benefits.  For the reasons set forth below, the Court concludes that the Appeals Council's finding that there was no evidence that Plaintiff was provided special accommodations at work is not supported by substantial evidence and is reversed.

   A claimant who is "able to engage in substantial gainful activity" is not disabled.  20 C.F.R. § 404.1571.  The framework for evaluating what constitutes substantial gainful activity is set out in 20 C.F.R. §§ 404.1571-76.  By regulation, the Agency's "primary consideration" in determining whether work constitutes substantial gainful activity is the earnings derived from it:

> We will use your earnings to determine whether you have done substantial gainful activity unless we have information from you, your employer, or others that shows that we should not count all of your earnings.  ...  Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity.

20 C.F.R. § 404.1574(a)(1).  *See also* SSR 83-33 (stating that because earnings provide "an objective and feasible measurement of work," an earnings test "has been the primary [substantial gainful activity] guide since 1958.").

   For the period at issue here--December 1990 through October 1997--Plaintiff regularly earned in excess of $500 per month.  This

amount of earnings creates a presumption that the work was substantial gainful activity. 20 C.F.R. § 404.1574(b)(2). This presumption is rebuttable, *see Katz v. Sec'y of Health & Human Services*, 972 F.2d 290, 293 (9th Cir. 1992), and can be overcome by a showing that the claimant performed work in a sheltered workplace, i.e., her employer made special accommodations so that she could work despite her disabilities. *See*, *e.g.*, *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990)(holding claimant may rebut presumption "with evidence of his inability to ... perform the job well, without special assistance ..."); *Nazzaro v. Callahan*, 978 F. Supp. 452, 461-62 (W.D.N.Y. 1997) ("Work performed under special conditions ... may, regardless of the stated level of earnings, indicate that the employee is not working at the [substantial gainful activity] level.").[2] The regulations provide the following examples of "special conditions," signifying sheltered employment:

   (1) You required and received special assistance from other
   employees in performing your work;
   (2) You were allowed to work irregular hours or take frequent
   rest periods;
   (3) You were provided with special equipment or were assigned
   work especially suited to your impairment;

---

[2] The presumption can also be overcome by a showing that the claimant's salary was subsidized, i.e., part of her earnings were not directly related to her productivity. 20 C.F.R. § 404.1574(a)(2). Plaintiff argued before the Agency that her work had been subsidized. The ALJ and the Appeals Council rejected this claim. (AR 18, 28.) The documents submitted by her employer establish that her pay was commensurate with her work. (AR 431-32, 453.) For this reason, the Court concludes that the Agency's finding that Plaintiff's salary was not subsidized is supported by substantial evidence in the record and will not be disturbed.

```
1         (4) You were able to work only because of specially arranged
2             circumstances ....
3   20 C.F.R. § 404.1573(c).
```

In its decision reversing the ALJ's conclusion that Plaintiff had worked in a sheltered workshop, the Appeals Council found that there was "no evidence" to support this conclusion. (AR 18.) The record contradicts the Appeals Council's finding. Plaintiff's former colleague, Kathleen Warren, pointed out in a letter to the Agency that Plaintiff was provided with a special telephone headset because of her cervical neck injury and with "structural changes to accommodate her problems with carpal tunnel syndrome." (AR 124.) Warren also stated that the VA made sure that someone was always available to assist Plaintiff with lifting objects weighing more than five pounds. (AR 124). Another letter from Ms. Warren provided that "[t]he environment [Plaintiff] worked in was ergonomically designed in order to address her physical needs," that "she was not required to do any filing or any lifting," and that "[s]he always had someone available to assist her if there [were] any files, paper or containers needing to be moved." (AR 132.) Ms. Warren also explained that Plaintiff "worked a flexible schedule and she was allowed to do some of her work at home. This was to accommodate her not having to be physically present for the entire operation of the clinic." (AR 132.)

Maureen Halpain, Plaintiff's supervisor, submitted a letter setting forth that "[s]everal accommodations were made to [Plaintiff's] work space as well as to her job responsibilities in an effort to support her continued employment." (AR 290.) These accommodations included changes to Plaintiff's job description, which required other employees to perform certain tasks that had fallen

7

within Plaintiff's job description.  (AR 290.)  In addition, Plaintiff was provided with a special desk.  (AR 290.)

Thus, the Appeals Council's finding that there was no evidence to support Plaintiff's contention that she worked in a sheltered workplace is not supported by substantial evidence in the record and is reversed.  On remand, the Agency should address the evidence that supports Plaintiff's contention as well as the evidence that undermines it and set forth which evidence it accepts, which evidence it rejects, and why.[3]

---

[3] The Court notes that the Agency discussed in a memorandum questions that were raised regarding the special accommodations provided to Plaintiff.  (AR 476-78.)  There, it was noted:

> There is no information as [to] whether similar considerations are routinely offered to other employees under the Americans with Disabilities Act ....  There is no indication of how these considerations affected her ability to perform the job.

(AR 477.)

The Court agrees that there is some uncertainty regarding Plaintiff's work and any accommodations that were made for her.  The record should be developed to resolve these ambiguities. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)(holding duty to develop record is triggered when there is ambiguous evidence or when an inadequacy in the record prevents a proper evaluation of the disability claim); *Nazzaro*, 978 F. Supp. at 462 (remanding to develop record where "some evidence of special conditions under which the claimant works [exists] which may establish that the claimant is not engaged in [substantial gainful activity], despite his actual earnings").

V.

CONCLUSION

For the foregoing reasons, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

DATED:     January 7, 2008.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\REEVES, M\Memo Opinion.wpd